**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT OPIE,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Case No.:** |
| | : | |
| **SEDA-COUNCIL OF GOVERNMENTS,** | : | |
| | : | |
| Defendant. | : | **COMPLAINT IN CIVIL ACTION** |
| | : | |
| | : | |

Filed on Behalf of Plaintiff:
Robert Opie

Counsel of Record for this Party:
**J.P. WARD & ASSOCIATES, LLC**

Joshua P. Ward
Pa. I.D. No. 320347

J.P. Ward & Associates, LLC
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone:   (412) 545-3015
Fax No.:     (412) 540-3399
E-mail:      jward@jpward.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT OPIE,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| v. | : Case No.: |
| | : |
| **SEDA-COUNCIL OF GOVERNMENTS,** | : |
| | : |
| **Defendant.** | : |
| | : |
| | : |

### COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiff, Robert Opie, by and through the undersigned counsel, J.P. Ward & Associates, LLC and, specifically, Joshua P. Ward, Esquire, who files the Complaint against Defendant, SEDA-Council of Governments, of which the following is a statement:

### PARTIES

1. Plaintiff, Robert Opie (hereinafter "Mr. Opie"), is an adult individual who currently resides at 2 Shaw Avenue, Apartment 1, Lewistown, Pennsylvania 17044.

2. Defendant, SEDA-Council of Governments (hereinafter "SEDA-COG"), is a business located at 201 Furnace Avenue, Lewisburg, Pennsylvania 17837.

### JURISDICTION AND VENUE

3. This action arises under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, *et seq.* ("ADEA") and the Pennsylvania Human Relation Act 43 P.S. §§ 951-963 ("PHRA").

4. This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1331.

5. Plaintiff is a resident and citizen of Pennsylvania, a substantial amount of the events or omissions giving rise to the claims occurred in the Middle District of Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Middle District of Pennsylvania and the venue is proper pursuant to 25 U.S.C. § 1391(b).

6. Plaintiff filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") regarding his allegations on or about January 28, 2021 under case number 533-2021-00703. A Notice of Suit Rights was issued on June 28, 2021, and therefore this Complaint is timely filed.

## PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

7. Mr. Opie initiated employment with SEDA-COG in 2010 as a weatherization technician.

8. At all times relevant hereto, Mr. Opie was over the age of 40.

9. On or about August 24, 2020, Jeremy Bridinger (hereinafter "Mr. Bridinger"), a coworker, auditor, and inspector, was on a job site with Mr. Opie.

10. Mr. Opie was on the job for five days, and each day typically requires a furnace test to be run.

11. On some of the days over the course of the five-day job, the weather did not permit a furnace test to be run due to the extreme heat. Therefore, no test was conducted.

12. There is a regular culture at SEDA-COG to engage in the practice of not running furnace tests in weather of extreme heat.

13. At the conclusion of the fifth day on the job, Mr. Opie stated to Mr. Bridinger that a furnace test needed to be conducted and in a joking manner asked, "Do you want me to run just one or do all five?"

14. Both parties recognized the above statement was made in jest, given the extreme heat, the inoperable furnace, and the inconvenience to the client of running their furnace on a hot day. Both parties subsequently laughed at the statement.

15. On or about August 25, 2020, Mr. Opie was terminated from his position with SEDA-COG for allegedly falsifying furnace tests and records, and for using inappropriate behavior or language toward a coworker.

16. Both of the purported reasons for Mr. Opie's firing are pretextual.

17. As both Mr. Opie and Mr. Bridinger laughed about the joke in question, it was clear Mr. Opie had no intention of falsifying documentation. Additionally, Mr. Opie has never engaged in any behavior that reflects poorly on his honesty or trustworthiness. Mr. Opie does not have any disciplinary marks on his record of employment.

18. Regarding the profanity, the culture of SEDA-COG's work site regularly permits and encourages the use of profanities.

19. It should be noted that it is not uncommon for Mr. Opie's employers themselves and the managing directors to utilize severe profanities while leading meetings with their employees and in regular workplace conversation with employees.

20. For instance, Weatherization Chief, Mandy Fox (hereinafter "Ms. Fox"), the primary authority at SEDA-COG, has used expletives of the most offensive degree while leading team meetings.

21. Additionally, two days following Mr. Opie's termination, two other employees, Terry Forry (hereinafter "Mr. Forry") and William Wagner (hereinafter "Mr. Wagner"), both over the age of 40, were also terminated on suspicious and false grounds.

22. Upon information and belief, the false rationale provided to Mr. Forry and Mr. Wagner operated as a pretextual reason to discriminate against them as well, due to their age.

23. As such, Mr. Opie's termination and the circumstances therein gives rise to clear inferences of age discrimination. Both for the proffered rationale he was given for his termination as well as the firing of multiple coworkers over the age of 40.

## COUNT I
## DISCRIMINATION IN VIOLATION
## OF THE ADEA AND THE PHRA

24. Mr. Opie incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

25. Under the Age Discrimination in Employment Act (hereinafter "ADEA") it is unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C.S. §623(a)(1).

26. According to the Third Circuit, "the implicated provisions of the ADEA and PHRA [apply identically] and [are governed] by the same set of decisional law." *Fasold v. Justice*, 409 F.3d 178 (3d Cir. 2005)

27. The ADEA defines an "employer" as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . [or] any agent of such a person." 29 U.S.C.S. §630(b).

28. Under the ADEA, "statutory protection from discrimination extends to individuals who have reached the age of forty." *United States EEOC v. Court of Common Pleas*, 62 F. Supp. 3d 428, 436 (W.D. Pa. 2014 (citing 29 U.S.C.S. §631(a)).

29. To establish a prima facie case of age discrimination, a plaintiff must show that: "(1) the plaintiff is at least forty years old; (2) the plaintiff suffered an adverse employment decision; (3) the plaintiff was qualified for the position in question; and (4) the plaintiff was ultimately replaced by another employee who was sufficiently younger so as to support an inference of a discriminatory motive." *Willis v. UPMC Children's Hospital of Pittsburgh*, 808 F.3d 638 at 644 (3rd Cir. 2015).

30. In cases where a plaintiff is not "directly replaced," this element is met if it can be shown that the employer continued to have a need for an employee to work in the same capacity as the plaintiff. *Id.* (see *Kroptavich v. Pennsylvania Power and Light Co.*, 795 A.2d 1048, 1058 (Pa. Super. 2002)).

31. At all times relevant hereto, Mr. Opie was over forty years old and was highly qualified for the position in question given his ten years of experience.

32. Mr. Opie suffered an adverse employment action in the form of termination from his position under pretextual reasoning.

33. While it is unknown whether a younger employee directly replaced Mr. Opie, SEDA-COG certainly continued to have a need for an employee to work in the same capacity as Mr. Opie had been a dedicated employee in this position for over ten years.

34. As set forth hereinabove, the SEDA-COG's actions were intentional, knowing, wanton, willful, and so outrageous as to shock the conscience.

WHEREFORE, Plaintiff, Robert Opie hereby requests this Honorable Court consider the above and grant relief in his favor. Specifically, Plaintiff requests this Court award him back pay, front pay, liquidated damages as calculated by the Court, pre-judgment and continuing interest as calculated by the Court, and reasonable attorney's fees and costs.

Respectfully submitted,

**J.P. WARD & ASSOCIATES, LLC**

Date: September 20, 2021            By: */s/ Joshua P. Ward*
                                        Joshua P. Ward (Pa. I.D. No. 320347)
                                        Kyle H. Steenland (Pa. I.D. No. 327786)

                                        J.P. Ward & Associates, LLC
                                        The Rubicon Building
                                        201 South Highland Avenue
                                        Suite 201
                                        Pittsburgh, PA 15206
                                        Counsel for Plaintiff